IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:16-CV-934-BO

| | |
|---|---|
| NEW FRIENDSHIP USED CLOTHING COLLECTION, LLC; AD&D PARTNERS, LLC; DANIEL P. GREEN; ALEX HUSTED; and DAVID J.R. MILLINER, <br><br> Plaintiffs, <br><br> v. <br><br> NORMAN KATZ, <br><br> Defendant. | **ORDER** |

This matter comes before the Court on plaintiffs' motion to remand. [DE 14]. The motion is ripe for adjudication. For the reasons discussed below, plaintiffs' motion is granted.

## BACKGROUND

This is a case concerning misappropriation of trade secrets and breaches of fiduciary duty arising out of a failed business venture. Plaintiffs and defendant partnered together to acquire companies in the wholesale used clothing industry using proprietary financial models. They formed New Friendship Used Clothing, LLC ("New Friendship"), in North Carolina in order to purchase Friendship Used Clothing Collection ("Friendship"), a North Carolina company. In September, 2016, defendant withdrew from the joint venture. Plaintiffs allege that defendant intends to use plaintiff's financial models and other confidential information to attempt to acquire Friendship for himself, and have filed this suit to enjoin him from doing so. Plaintiffs' complaint alleges that defendant is a manager of New Friendship, that he therefore owes fiduciary duties to it, and that he has breached those duties by usurping New Friendship's opportunity to purchase Friendship. [DE 1, Ex. 2, ¶¶ 57-58, 72-73, 81-82, 133-143].

Plaintiffs sought preliminary injunctive relief in North Carolina Superior Court for Wake County on December 2, 2016, and filed a Notice of Designation of Action as Mandatory Complex Business Case in North Carolina Business Court on December 6. On December 7, defendant filed a notice of removal in this Court on the basis of diversity jurisdiction. Plaintiffs filed the instant motion to remand the case back to North Carolina state court, contending that removal is flawed because the parties are not completely diverse and because defendant did not file a Supplemental Removal Cover Sheet. [DE 15]. Plaintiffs argue there is not diversity (1) because defendant is a member of New Friendship and an LLC has the citizenship of all its members, or (2) because defendant indicated in his Civil Cover Sheet that his "County of Residence" is in New York and not Ohio as he stated in his notice of removal, which defeats complete diversity because plaintiff Green is from New York. *Id.*

## DISCUSSION

Removal of a civil action from state court is only proper where the federal district courts would have original jurisdiction, 28 U.S.C. § 1441, and it is the burden of the removing party to show that jurisdiction lies in the federal court. *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (en banc). A civil action may be brought in federal court "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a). Removal jurisdiction must be construed strictly in light of federalism concerns, and if jurisdiction in the federal district court is determined to be doubtful, remand is required. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).

Plaintiffs seek remand on the basis of lack of complete diversity. The parties do not dispute that defendant is a member of New Friendship, and plaintiffs contends that on that basis

2
Case 5:16-cv-00934-BO  Document 28  Filed 01/13/17  Page 2 of 7

there cannot be complete diversity. "A [LLC] organized under the laws of a state is not a corporation and cannot be treated as such under section 1331 until Congress says otherwise." *Gen. Tech. Apps., Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir. 2004). "It is an unincorporated association, akin to a partnership for diversity purposes, whose citizenship is that of its members." *Id.* The Fourth Circuit has been consistent and clear on this point. *See Cent. W.Va. Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) ("For purposes of diversity jurisdiction, the citizenship of a limited liability company [] is determined by the citizenship of all of its members [].").

Defendant does not dispute that an LLC is imputed with the citizenship of each of its members or that complete diversity between plaintiffs and defendant is required in order for a federal court to maintain diversity jurisdiction over a dispute under 28 U.S.C. § 1332. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Defendant instead contends that New Friendship was impermissibly joined in an attempt to defeat diversity, and that remand should be denied on that basis.

When parties have been fraudulently joined, diversity jurisdiction may be found notwithstanding the shared citizenship of certain plaintiffs and defendants. *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). The party seeking removal (or resisting remand) on a fraudulent joinder theory must demonstrate that either (1) there is no possibility that the plaintiff would be able to establish a cause of action against the defendant in state court; or (2) there has been outright fraud in the plaintiff's pleading of jurisdictional facts. *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993) (internal quotation marks omitted). The Fourth Circuit has made clear that a defendant alleging fraudulent joinder bears a heavy burden—it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the

plaintiff's favor. This standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6); once the court identifies a glimmer of hope for the plaintiff, the jurisdictional inquiry ends. *Hartley v. CSX Transp., Inc.,* 187 F.3d 422, 424-26 (4th Cir. 1999) (citations omitted).

Defendant does not contend outright fraud in joining the New Friendship as a plaintiff party, but rather that the LLC cannot be a party to this suit and was joined only in an attempt to defeat diversity jurisdiction. As discussed above, the burden on defendant to show fraudulent joinder is high, and the Court finds that he has not satisfied that burden here.

Defendant first appears to argue that New Friendship was dissolved and therefore cannot be party to any lawsuit. Defendant argues that New Friendship was dissolved when it filed Articles of Dissolution with the North Carolina Secretary of State in September 2016, and that it could not "reinstate its corporate existence" when it later filed Articles of Correction to repudiate the previous filing. Plaintiffs contend that, under North Carolina law, New Friendship was never dissolved because the filing or Articles of Dissolution does not by itself cause dissolution and that an LLC can only be dissolved upon the occurrence of particular statutory events which have not occurred. The Court need not determine whether or not New Friendship was dissolved, because in either case, under North Carolina law New Friendship could still bring this suit. As plaintiffs have shown, even after dissolution, "the LLC continues its existence" so that it can wind up its affairs. N.C. Gen. Stat. § 57D-2-01(e). Accordingly, "[t]he dissolution of the LLC does not prevent commencement of a proceeding by or against the LLC in its own name." N.C. Gen. Stat. § 57D-6-07(f). Thus, defendant's argument that New Friendship cannot bring this suit because it filed Articles of Dissolution fails.

Defendant next argues that the citizenship of New Friendship should not be considered because it is not a necessary party to this lawsuit. This argument misunderstands the standards governing joinder of parties. Federal courts will only consider whether a party is "necessary" to a suit under Rule 19 of the Federal Rules of Civil Procedure when considering whether an absent party should be added. Whether a party can be joined in the first instance is assessed under the more lenient permissive standard of Rule 20. Rule 20 permits persons to "join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1).

In reviewing the complaint, the Court finds that plaintiff New Friendship's claims against defendant arise from the same transactions and occurrences as the other plaintiffs' claims, namely, the failed business venture which has allegedly led to defendant's attempted use of plaintiffs' proprietary trade secrets to usurp a valuable business opportunity for himself. [DE 1, Ex. 2, ¶¶ 1-4, 72-78, 81-82, 83-172]. These claims also share common questions of law and fact, including whether defendant is in fact usurping the opportunity to buy Friendship, and whether that conduct violates his fiduciary duties. Although the inclusion of permissive parties is not absolutely essential, neither do defendants have the right to demand their dismissal or exclusion when considering jurisdiction. Thus the Court finds that New Friendship is a permissible party to this lawsuit under the Rules.

Defendant has also not established that there is no possibility that plaintiffs would be able to establish a cause of action against them in state court. An LLC is a distinct legal entity under North Carolina law, N.C. Gen. Stat. § 57C-2-02, and there is a separation between the rights and

5

obligations of the LLC and its members and executives. *Trachtman Law Firm, PLLC v. Csapo*, 211 N.C. App. 199, *2 (2011). As discussed above, the complaint alleges that defendant breached his fiduciary duties owed to New Friendship by pursing the purchase of Friendship, and under North Carolina law such a claim is actionable. *See, e.g., Shaw v. Gee*, 2016 NCBC, ¶¶ 37–41 (N.C. Super. Ct. Dec. 21, 2016). There is, therefore, a glimmer of hope that the plaintiff New Friendship is a properly joined party in this matter that has the right to pursue this claim in its own name. *Hartley*, 187 F.3d at 424-26.

Some courts have found fraudulent misjoinder when a plaintiff includes "claims against certain defendants [that], while provable, have no real connection to the claims against other defendants in the same action and were only included in order to defeat diversity jurisdiction and removal." *Stephens v. Kaiser Found. Health Plan of the Mid–Atl. States, Inc.*, 807 F. Supp. 2d 375, 379 (D. Md. 2011). Courts that have considered a theory of fraudulent misjoinder have held that such an argument fails when the claims at issue are sufficiently connected to the other claims in the case that permissive joinder is appropriate under Rule 20. *See id.*; *John S. Clark Co. v. Travelers Indem. Co. of Illinois*, 359 F. Supp. 2d 429, 436 (M.D.N.C. 2004) (rejecting fraudulent misjoinder argument because Rule 20(a) was satisfied). As discussed above, New Friendship clearly meets this test, and thus there is no fraudulent misjoinder.

Defendant has failed to show that there is no possibility that plaintiff New Friendship was not properly joined or could not establish a cause of action against him, and his argument that New Friendship was fraudulently joined thus fails. Complete diversity between plaintiffs and defendants does not therefore exist and the Court lacks diversity jurisdiction over the matter.

As there is not complete diversity, the Court lacks jurisdiction to hear this matter and cannot consider any of the other motions or issues in this case.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion to remand [DE 14] is GRANTED. This action is hereby REMANDED to the North Carolina Superior Court for Wake County, North Carolina and North Carolina Business Court. Plaintiffs' request for fees associated with their motion is denied. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

SO ORDERED, this 13 day of January, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE